Evans, J.,
delivered the opinion of the Court.
This was an action of assumpsit on a note, to which the defendant pleaded the general issue. Some days before the trial, the defendant’s attorney bad given notice to the plaintiffs that be would admit on the trial the plaintiff’s cause of action. The defendant bad given notice of discount, and set up under this a defence that the note was given for a negro which the plaintiff bad sold him, knowing the negro to be of bad character and of no value. On the trial the defendant claimed the right to begin and end the case under the sixty-second rule of Court. I thought the rule admitted of that construction, and decided that the defendant was entitled to the reply. The case comes up to this Court on the question whether that decision was right. All the other grounds in the notice were abandoned. 'The rule of Court is as follows, viz: “ On all rules to show cause, the party called shall begin and end bis cause, and on all special matters either springing out of a cause or issue, the actor or party submitting a-point to the Court, shall in like manner begin and close; and so shall a defendant who admits the plaintiff’s case, and takes upon himself the burthen of the proof, have the like privilege.”
It was decided in the case of Gray vs. Cotterall, 1 Hill, 38, that the defendant was not entitled to this privilege when be admitted the plaintiff’s cause of action at-the trial. It seemed to me, as the words were comprehensive enough to bear the interpretation, there could be no objection to allowing this privilege, where timely notice bad been given. On a full *327 consideration, the majority of this Court are of opinion, that the rule must be so construed as to allow the privilege to those defendants only, who admit the plaintiff’s case on the record; the issue must be the test of admission or denial; and in this construction I concur. Rules of practice should be as free from doubt and ambiguity as possible. To admit other evidence of admission than the issues, would leave many questions which the rule does not provide for, uncertain —as whether the admission should be written or verbal— what was the extent of it — and whether sufficient notice had been given.
The motion for a new trial is granted.